J-S45041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID EDWARDS | : | |
| | : | |
| Appellant | : | No. 2914 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010781-2015

BEFORE: BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         **FILED SEPTEMBER 03, 2019**

David Edwards (Edwards) appeals from the judgment of sentence imposed following his bench conviction of attempted murder, aggravated assault, possession of an instrument of a crime, person not to possess a firearm, carrying a firearm without a license, carrying a firearm in Philadelphia, simple assault, and recklessly endangering another person.[1] Counsel has filed a brief and petition to withdraw pursuant to **_Anders v. California_**, 386 U.S. 738 (1967) and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901, 2502, 2702, 907, 6105, 6106, 6108, 2701, and 2705.

We derive the following facts and procedural history from our independent review of the record. On September 25, 2015, at approximately 8:28 p.m., Edwards' daughter, Denay Edwards (Denay), approached the victim, Kip Sebrell (Sebrell), at a deli and asked him if he wanted to buy marijuana. Sebrell responded that he did not and then said: "Why don't you give me some of that ass?" (N.T. Trial, 2/9/18, at 42). Denay yelled at him and punched him and the argument spilled outside. Edwards shot Sebrell three times, striking him in each of his arms and in his stomach. Police responded to the scene and transported Sebrell to the hospital.

On February 9, 2018, the trial court found Edwards guilty of the above-listed offenses. It deferred sentencing for preparation of a pre-sentence investigation report (PSI). On August 23, 2018, the court sentenced Edwards to an aggregate term of not less than eight nor more than sixteen years' incarceration. This timely appeal followed the denial of Edwards' post-sentence motion.

**I.**

We must first address counsel's application to withdraw. Both procedural and substantive requirements must be satisfied. Procedurally, counsel must: (1) petition the court for leave to withdraw, stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain

private counsel or raise additional arguments that the defendant deems worthy of the court's attention.  *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013).

Counsel has complied with these procedural mandates.  The application indicates that counsel reviewed the entire record and concluded that the instant appeal is wholly frivolous.  (*See* Petition to Withdraw as Counsel, 2/25/19, at 1-2).  The application states that a copy of the *Anders* brief was sent to Edwards, along with a letter appended to the application as Exhibit A. That letter advises Edwards that he has the right to hire private counsel or raise *pro se* any additional arguments he would like this Court to consider. (*See* Letter from James R. Lloyd, III, Esquire to Edwards, 2/25/19).

We now examine the substantive elements.  The brief accompanying the petition to withdraw must:  (1) provide a summary of the procedural history and facts with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  *See Santiago*, *supra* at 361.  Counsel's *Anders* brief summarizes the factual and procedural history and identifies three potential issues.  (*See Anders* Brief, at 6-21).  It cites to portions of the record that tend to support the claims and outlines the legal analysis that led counsel to conclude that any appeal would be frivolous.  (*See id.* at 25-42).

Because counsel has complied with the aforementioned requirements, we now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, ***supra*** at 355 n.5. The ***Anders*** brief identifies three issues arguably supporting an appeal challenging the discretionary aspects of Edwards' sentence and the sufficiency and weight of the evidence supporting his convictions. (***See Anders*** Brief, at 6).

## II.

## A.

We begin by addressing Edwards' sentencing claim in which he argues that the court imposed a manifestly excessive sentence without adequately considering his serious drug addiction, lack of education, limited vocational skills, desire to return to lawful employment, his age (forty-six), remorsefulness, and troubled family background. (***See id.*** at 25-31; ***see also*** Post Sentence Motion, 8/26/18, at 1-3; N.T. Sentencing, 8/23/18, at 5-12).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa. Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019) (citation omitted). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** (citation omitted). "We conduct this four-part test to determine whether: (1) the appellant preserved the issue

either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review." *Id.* (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Nevels*, 203 A.3d 229, 246 (Pa. Super. 2019) (citation omitted).

Instantly, Edwards has substantially complied with the first three prongs of this test by raising his claim in a timely post-sentence motion, filing a timely notice of appeal, and discussing the requirements of Rule 2119(f) in his brief.[2] Additionally, Edwards' excessiveness claim in conjunction with his assertion that the court did not adequately consider mitigating factors presents a substantial question. *See Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015). We will, therefore, address his issue on the merits.[3]

---

[2] Although counsel did not include a separate 2119(f) statement in the context of an *Anders* brief, we decline to find waiver. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009).

[3] Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may

- 5 -

The record reflects that at sentencing, the trial court heard from defense counsel regarding Edwards' lengthy struggle with drug addiction, difficult family background, including the murder of his father, his age and limited education, his remorsefulness for his actions, and his desire to obtain employment and improve himself. (*See* N.T. Sentencing, at 5-12). Edwards also expressed his remorsefulness, stating "I'd like to take full responsibility for my actions . . . I made a bad decision when it came down to protecting my daughter. . . I would like to apologize to the victim[.]" (*Id.* at 40). Before imposing its mitigated sentence on Edwards, the trial court made it clear that it had carefully weighed all evidence and information produced during the history of this case, including the PSI, mental health evaluation and all mitigation evidence presented on behalf of Edwards. (*See id.* at 4, 41-42; *see also* Order Denying Post-Sentence Motion, 9/06/18).

---

> reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Nevels*, *supra* at 247 (citation omitted).

As can be seen, the record demonstrates that the trial court formulated its sentence, taking into consideration all relevant mitigating information in Edwards' personal history. Accordingly, his sentencing claim is frivolous

**B.**

Edwards next purports to challenge the sufficiency of the evidence supporting his convictions. (**See Anders** brief, at 31-40).[4] However, although this issue is framed as a sufficiency claim, the argument in support does not set forth or dispute any specific elements of the numerous crimes Edwards was convicted of; it does not argue which particular elements were not met. Instead, Edwards points to various inconsistencies between the witnesses' trial testimony where they did not identify or were unclear if he was

---

[4] As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Sebolka**, 205 A.3d 329, 336–37 (Pa. Super. 2019) (citation omitted).

the shooter and their prior written statements where they identified him as the shooter. (**See id.** at 36-40).

It is well-settled that credibility determinations "go to the weight, not the sufficiency of the evidence." **Commonwealth v. Bowen**, 55 A.3d 1254, 1262 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013) (citation omitted) (finding appellant's sufficiency claim arguing credibility lacks merit). A review of a sufficiency of the evidence claim does not include an assessment of the credibility of witness testimony; such a claim goes to the weight of the evidence. **See Commonwealth v. Gibbs**, 981 A.2d 274, 281–82 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010). Thus, Edwards' asserted sufficiency of the evidence claim fails.[5]

## C.

Edwards' final issue argues that the trial court's verdict was against the weight of the evidence. (**See Anders** Brief, at 6, 40-42). However, this claim is waived.

"Pennsylvania Rule of Criminal Procedure 607 states, in relevant part, that '[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial' in a written or oral motion

---

[5] Moreover, after a review of the record, we conclude that when viewing the evidence in the light most favorable to the Commonwealth as verdict winner, **see Sebolka**, **supra** at 336, the evidence was sufficient to support Edwards' convictions.

before the court prior to sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607(a)(1)-(3)." **Commonwealth v. Bryant**, 57 A.3d 191, 196 (Pa. Super. 2012). "Moreover, the comment to the rule clearly establishes that '[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.' Pa.R.Crim.P. 607, comment." **Id.**

Because the record reflects that Edwards did not raise a weight claim prior to sentencing or in his post-sentence motion, his final issue regarding weight of the evidence is waived.

Furthermore, after independent review, we determine that there are no other non-frivolous bases for appeal, and this appeal is wholly frivolous.[6] Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/3/19

---

[6] To the extent Edwards advances claims of ineffective assistance of counsel, these claims are deferred for collateral review and are not reviewable in this direct appeal. (**See Anders** Brief, at 42-43); **see also Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013).